IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL ADESOJI ADEDIRE, | § § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-649-RP |
| WARDEN OF THE T. DON HUTTO DETENTION CENTER, et al., | § § § § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Michael Adesoji Adedire's (Petitioner") Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, filed on March 18, 2026. (Dkt. 1). On March 23, 2026,

pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to

why the petition should not be granted. (Dkt. 3). On March 26, 2026, Respondents Pamela Bondi,

Kristi Noem,[1] Miguel Vergara, and Todd M. Lyons[2] (together, "Respondents") filed a response in

opposition, (Dkt. 5), to which Petitioner replied, (Dkt. 6). Having considered the parties' arguments,

evidence presented, and relevant law, the Court will deny the Petition for Writ of Habeas Corpus.

## **I. BACKGROUND**

Petitioner, a citizen of Nigeria, is detained at the T. Don Hutto Detention Center located in

Taylor, Texas. (Pet., Dkt. 1, at 2). Petitioner has resided in the United States since February 15, 2003,

when he entered the country lawfully on a B-2 visitor visa which expired on August 14, 2003. (*Id.*;

Resp., Dkt. 5, at 2). Petitioner was eventually eligible to file for Deferred Action for Childhood

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court "may order substitution at any time" when a party who is a public officer "ceases to hold office while the action is pending." As such, the Court will substitute Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security, as the proper respondent in this case.

[2] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the federal employees in this action. (Dkt. 5, at 1 n.1).

Arrivals ("DACA") status and was granted it. (Pet., Dkt. 1, at 2). Petitioner's DACA status expired on January 2, 2025. (Resp., Dkt. 5, at 2; Ex. A to Resp., Dkt. 5-1). Petitioner is married to a U.S. citizen and has a son with his wife. (Pet., Dkt. 1, at 2).

Petitioner was arrested for driving under the influence in March 2024 and completed fifteen months of probation. (*Id.*). Respondents allege that while Petitioner was on probation, "in August 2025, [the] Austin Police Department ('PD') developed probable cause [that] Petitioner was driving while intoxicated when he was encountered driving a vehicle involved in a collision, facing a direction inconsistent with the normal flow of traffic." (Resp., Dkt. 5, at 3; Ex. C to Resp., Dkt. 5-3). Petitioner was then charged with driving while intoxicated again.[3] (Resp., Dkt. 5, at 3). U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner after his release from Travis County criminal custody on August 21, 2025. (*Id.*). In the Notice to Appear ("NTA") the Department of Homeland Security ("DHS") issued Petitioner on that date, the document states that Petitioner was admitted to the United States on or about February 15, 2003 as a B-2 visitor with authorization to remain until August 14, 2003 and that he is now subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") because he remained in the United States for a longer time than permitted. (Ex. D to Resp., Dkt. 5-4, at 1).

Respondents allege that "[b]ecause Petitioner was previously inspected and admitted to the United States and [is] currently detained under Section 1226, he received on September 22, 2025, a custody redetermination (bond) hearing before the immigration judge." (Resp., Dkt. 5, at 3; Ex. E to Resp., Dkt. 5-5). Immigration Judge Anibal Martinez ("IJ Martinez") denied Petitioner's custody redetermination request because he "has not demonstrated that he/she does not present a danger to persons or property" and "[t]he record reflects the respondent has an extensive arrest and criminal

---

[3] Respondents note that Tarrant County has issued a probation violation warrant for Petitioner, but it is "unknown to Respondents whether Petitioner is aware of the warrant." (Resp., Dkt. 5, at 4 & n.4).

history for driving under the influence." (Ex. E to Resp., Dkt. 5-5, at 1). On February 19, 2026, IJ Martinez ordered Petitioner removed. (Ex. F to Resp., Dkt. 5-6).

Petitioner filed his Petition for Writ of Habeas Corpus, challenging his detention under 28 U.S.C. § 2241. (Pet., Dkt. 1, at 3). Petitioner claims his prolonged detention violates his procedural and substantive due process rights under the Fifth Amendment. (*Id.* at 5–7). Critically, Petitioner contends in his Petition that **he should properly be detained under 8 U.S.C. § 1226(a)**. (*Id.* at 8, 10, 12). Petitioner asks this Court to declare "that Petitioner's detention without an individualized determination violates the Due Process Clause of the Fifth Amendment" and "that Petitioner's revocation of deferred action and detention was made in violation of statute and regulation." (*Id.* at 19). Petitioner requests to be immediately released from custody, without a bond hearing. (*Id.*).

In their Response, Respondents assert that Petitioner's Petition's "foundational facts and legal argument are detached from the actual procedural history and facts, and wrongly allege Respondents are unlawfully detaining him under Section 1225(b)." (Resp., Dkt. 5, at 1). Rather, **Respondents assert that Petitioner is being detained under Section 1226(a)** and, as such, he received a bond hearing before IJ Martinez "where he was found to be a danger to persons or property because he has an extensive arrest and criminal history for driving under the influence." (*Id.* at 1–2; Ex. E to Resp., Dkt 5-5). Respondents further contend that Petitioner reserved his right to appeal the denial of his custody redetermination request to the Board of Immigration Appeals ("BIA") but did not file an appeal. (*Id.* at 2). As such, Respondents argue that "[a]ny disputes with the immigration judge's individualized discretionary bond decision are administratively unexhausted," and that "Section 1226(e) divests subject matter jurisdiction from this Court to review the immigration judge's discretionary bond decision." (*Id.* at 2).

3

## II. DISCUSSION

The Court first considers whether it has jurisdiction to decide Petitioner's claims. Petitioner's claims are predicated on an argument that he is being detained unlawfully without an opportunity for a bond hearing. But Petitioner *has* received a bond hearing, and Respondents confirm he is detained under Section 1226, the detention authority under which Petitioner asserts he should be properly detained. In his Reply, Petitioner confusingly "disagrees with Respondents' assertion that he is detained under [Section] 1226 but acknowledges that a bond hearing did occur." (Reply, Dkt. 6, at 2). Then, in opposition to Respondents' argument that this Court lacks jurisdiction to review the Immigration Judge's finding in Petitioner's bond hearing, Petitioner asserts "because Petitioner [] challenges the decision to subject him to mandatory detention under § 1225(b), without any process or individualized reasons, the Court can consider the merits of his constitutional claim." (*Id.* at 4). This argument fails because (as Respondents have repeatedly emphasized to the Court) Petitioner is detained under Section 1226 and therefore *has* received an individualized bond hearing, as required by that detention authority. Consequently, given the facts of this matter, Petitioner can only be asking the Court to review the findings of the IJ Martinez's decision on his custody redetermination request.

Under 8 U.S.C.§ 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Section 1226(e) explicitly prohibits federal courts from setting aside the decision of an immigration judge regarding the denial of bond to a noncitizen. Because the decision to detain Petitioner without bond was made following an individualized review of the record by IJ Martinez, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e)

and cannot review Petitioner's claims.[4] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, Petitioner's Petition must be denied and the Court does not reach the parties' additional arguments.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SUBSTITUTE** Markwayne Mullin as the proper respondent for the office of Secretary of the U.S. Department of Homeland Security.

**SIGNED** on April 10, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] "This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case." *Orlando Vicente-Vicente v. Warden, Operator of the ERO El Paso Camp E. Montana, et al.*, No. EP-26-CV-00800-DB, 2026 WL 895626, at *2 (W.D. Tex. Apr. 1, 2026).